UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MR. KENDRICK FELTON SHORTS | CIVIL ACTION |
| VERSUS | NO. 10-1980 |
| NOPD, MR. SINGLETON | SECTION "C" (2) |

## REPORT AND RECOMMENDATION

Plaintiff, Kendrick Felton Shorts, filed this complaint pro se and in forma pauperis. Shorts's complaint, which for the most part is nonsensical and written in some sort of odd code or verbal sequence, appears to concern some sort of incident which occurred in late September or October 1990. The identity of the defendants is unclear and no addresses have been provided where service of plaintiff's complaint could be made. Shorts has recently filed eight (8) similarly incomprehensible complaints in this court, all of which have been dismissed for failure to state a claim or legal frivolousness or have reports and recommendations for such dismissals pending. See Shorts v. Unidentified Party, Civil Action No. 10-1696-N; Shorts v. Cavalino Restaurant, Civil Action No. 10-1698-C; Shorts v. G B Restaurant, Civil Action No. 10-1699-I; Shorts v. Club Razoo, Civil Action No. 10-1700-I; Shorts v. Jewelry Store Employee, Civil Action No. 10-1702-I; Shorts v. Maple Cafe, Civil Action No. 10-1703-L; Shorts v. Central

Intelligence Agency, Civil Action No. 10-1981-J; and <u>Shorts v. OPP</u>, Civil Action No. 10-1991-A[1]

With respect to actions like the instant lawsuit filed in forma pauperis, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint fails to state a claim on which relief may be granted when plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>In re Katrina Canal Breaches Litigation</u>, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a

---

[1]Shorts has also recently filed two (2) other similar pro se complaints that apparently are being considered before issuance of summons and service. Civil Action Nos. 10-1701-S and 10-1832-B.

"probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Further, in Iqbal, the Supreme Court also reiterated:

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Id. (citations, quotation marks, and brackets omitted).

A complaint which violates Rule 8 may be dismissed when it is "so verbose, confused and redundant that its true substance, if any, is well disguised." Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir. 1965); see also Shorts v. Allen, Civ. Action No. 09-6793, 2009 WL 4110374, at *2 (E.D. La. Nov. 24, 2009); Young v. Marriott Corp., Civ. Action No. 92-3318, 1992 WL 329531 (E.D. La. Oct. 29, 1992); Dandridge v. United States Department of Justice, Civ. Action No. 92-3209, 1992 WL 314980 (E.D. La. Oct. 19, 1992); Lowery v. Hauk, 422 F.Supp. 490, 491-92 (C.D. Cal. 1976).

Plaintiff's complaint is a confusing, unintelligible document from which the court cannot ascertain the nature of any cause of action he may be attempting to assert.

3

Therefore, even broadly construing the complaint,[2] the court finds that the complaint is so incomprehensible that plaintiff has failed to state a claim on which relief may be granted or to comply with the most rudimentary pleading requirements.

Moreover, any claim arguably raised by plaintiff's complaint is very likely prescribed. The district court may raise the limitations defense sua sponte in a suit filed in forma pauperis under 28 U.S.C. § 1915. Wilke v. Meyer, 345 Fed. Appx. 944, 2009 WL 3150381, at *1 (5th Cir. 2009), cert. denied, 78 U.S.L.W. 3579 (2010); Lopez-Vences v. Payne, 74 Fed. Appx. 398, 2003 WL 22047325, at *1 (5th Cir. 2003) (citing Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993)).

If plaintiff is pursuing either a civil rights violation or a state law tort claim, although Section 1983 has no statute of limitations, the Louisiana prescription statute applicable to torts is also applicable to suits in federal court under Section 1983.

> Because there is no federal statute of limitations for § 1983 claims, the district court looks for comparison to the forum state's statute of limitations for personal injury claims. In Louisiana, personal injury claims are governed by La. Civ. Code Art. 3492, which provides for a prescriptive period of one year from the date of injury or damage.

Duplessis v. City of New Orleans, No. 08-5149, 2009 WL 3460269, at *4 (E.D. La. Oct. 26, 2009) (McNamara, J.) (citing La. Civ. Code art. 3492; Wallace v. Kato, 549 U.S. 384, 387 (2007); Wilson v. Garcia, 471 U.S. 261, 275 (1985); Jacobsen v. Osborne, 133

---

[2] Pro se civil rights complaints must be broadly construed, Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have broadly construed the complaint in this case.

F.3d 315, 319 (5th Cir. 1998); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989)).

Plaintiff's mostly incomprehensible complaint references some sort of incident that occurred in September or October 1990. Federal law determines when a Section 1983 claim accrues. Jacobsen, 133 F.3d at 319.

> For purposes of calculating the limitations period, a § 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action. The Supreme Court has held that prescription begins to run at the point when "the plaintiff can file suit and obtain relief."

Duplessis, 2009 WL 3460269, at *5 (quoting Wallace v. Kato, 549 U.S. 384, 388 (2007)) (citing Jacobsen, 133 F.3d at 319; Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998)); accord Brown v. Nationsbank Corp., 188 F.3d 579, 589-90 (5th Cir. 1999); Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995). Determination of when plaintiff knew or should have known of the existence of a possible cause of action has two factors: "(1) [t]he existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." Id.

To whatever extent, if any, that plaintiff's claims arise from the September or October 1990 event, he obviously knew about them at that time. In short, because plaintiff did not pursue this complaint within the required one-year limitations period after he knew or should have known of the event, any suit for civil rights or state law tort violations or causes of action appears to be time-barred and must be dismissed.

5

**RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[3]

New Orleans, Louisiana, this __20th__ day of July, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.